# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO JAVIER GONZALEZ - GUEVARA,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Civil No.:    15cv02884 JAH<br>Criminal No.: 14cr01794 JAH<br>**ORDER:**<br><br>**1. DENYING MOTION TO VACATE SENTENCE [DOC. NOS. 27, 31, 35]**<br><br>**AND**<br><br>**2. DENYING EX PARTE MOTION FOR TERMINATION OF SUPERVISED RELEASE [DOC. NO. 26]** |

Petitioner Francisco Javier Gonzalez-Guevara, a federal prisoner proceeding *pro se*, filed two motions: (1) an *ex parte* motion for termination of supervised release (doc. no. 26), and (2) a motion challenging his conviction under 28 U.S.C. § 2255. *Doc. Nos*. 27, 31, 35. Respondent filed a response. *Doc. No*. 33. After a review of the record and the parties' submissions, and for the reasons set forth below, this Court **DENIES** Petitioner's motions.

## BACKGROUND

On May 25, 2014, Defendant was charged with being a removed alien found in the United States in violation of 8 U.S.C. § 1326(a) and (b). Defendant entered a guilty plea to the charge pursuant to a plea agreement on July 22, 2014. The Plea Agreement contained

1

a provision waiving appeal and collateral attack. *Doc. No.* 11, ¶ XI. The United States recommended a sentence of 63 months in custody, at the low end of the guideline range, pursuant to the terms of the Plea Agreement. On December 8, 2014, this Court sentenced Defendant to 63 months in custody, followed by three years of supervised release. *Doc. No.* 20.

On May 11, 2015, Petitioner filed an application with the Superior Court of California, County of Los Angeles pursuant to Proposition 47. On July 21, 2015 the California Superior Court approved his application and ordered petitioner's charge of possession for sale of a controlled substance in violation of Cal. Penal Code § 11351 reduced from a felony to a misdemeanor.

On November 2, 2015, Defendant filed an *ex parte* motion for termination of supervised release based on United States Sentencing Guideline ("U.S.S.G"): 5D1.1(c). *Doc. No.* 26. On December 21, 2015, Defendant filed a petition pursuant to 28 U.S.C. § 2255. Defendant's *ex parte* motion and §2255 petition are now before the Court.

### LEGAL STANDARD

Pursuant to 28 U.S.C. § 2255, a federal prisoner seeking relief from a custodial sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence" on the following grounds: (1) the sentence "was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose such sentence," (3) "the sentence was in excess of the maximum authorized by law," or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). To warrant relief under § 2255, a prisoner must allege a constitutional, jurisdictional, or otherwise "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Timmreck*, 441 U.S. 780, 783–84 (1979) (internal quotation marks omitted) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

"If the court finds ... that the sentence imposed was not authorized by law or [is] otherwise open to collateral attack, ... the court shall vacate and set the judgment aside and

shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b); see also *United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999). The Court may summarily dismiss a motion under § 2255, without holding an evidentiary hearing, where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); see also Rule 4(a) of the Rules Governing Proceedings Under Section 2255.

## DISCUSSION

*1. 18 U.S.C.A. § 3583(e)(1): Termination of Supervised Release*

Petitioner moves, *ex parte*, to terminate supervised release. He argues that as a deportable alien[1], the Court's imposition of a three-year term of supervised release is inconsistent with federal sentencing guidelines. *See* U.S.S.G § 5D1.1[2].

As a preliminary matter, Petitioner's motion to terminate supervised release is premature. Petitioner is scheduled for release on May 29, 2019. Because Petitioner has yet to be released, the Court is without jurisdiction to entertain his motion. *See* 18 U.S.C.A. § 3583(e)(1) ("The court may … terminate a term of supervised release and discharge the defendant released at any time *after the expiration of one year of supervised release*.") (emphasis added). Although the Court may "modify, reduce, or enlarge the conditions of supervised release, *at any time* prior to the expiration or termination of the term of supervised release," it may only terminate a term of release after one year of supervision. *See* 18 U.S.C. §§ 3583(e)(1), §3583(e)(2).

---

[1] The Court imposed upon Defendant standard terms of supervised release. An imposed special condition of supervision is that those standard conditions are "waived upon deportation, exclusion or voluntary departure." Accordingly, if Petitioner is deported, he will not be subject to the terms of supervision.

[2] Section 5D1.1 of the guidelines states in pertinent part: In a case in which the defendant is a deportable alien specified in subsection (c) and supervised release is not required by statute, the court ordinarily should not impose a term of supervised release… The court should, however, consider imposing a term of supervised release on such a defendant if the court determines it would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case.

3

Further, Gonzalez-Guevara may not use §3583(e) to challenge the legality of his sentence. *United States v. Chan*, 298 F. App'x 634, 635 (9th Cir. 2008) (citing *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002). If Petitioner wishes to challenge the legality of this Court's judgment imposing a three-year term of supervised release, he must do so using the methods outlined by Congress. *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002). Congress limited the manner in which a defendant may challenge the legality of supervised release to: (1) direct appeal, (2) § 2255 habeas corpus relief, and (3) within seven days of the district court's decision, Rule 35(c) motion. *Id*.

For the reasons stated above, Petitioner's motion to terminate supervised release is DENIED.

*2.    28 U.S.C. § 2255: Modification of Sentence*

Petitioner moves to modify or amend his 63-month custodial sentence pursuant to 28 U.S.C. § 2255. Defendant argues that the sentence imposed by this Court requires correction based on his successful application under California's Proposition 47.

The Court finds Defendant waived his right to appeal and collaterally attack his conviction and sentence under the terms of his plea agreement. Even assuming his rights were not waived, the state court's reduction of Defendant's felony conviction to a misdemeanor has no impact on whether Defendant served a "prior sentence of imprisonment exceeding one year and one month," for purposes of USSG § § 4A1.1(a). *United States v. Salazar-Mojica*, 534 F.3d 1070, 1074 (9th Cir. 2011). The Ninth Circuit has held that "[w]hen a state grants postconviction relief to a defendant with respect to his state felony conviction, we do not generally apply those changes retroactively for purposes of determining whether a federal sentencing statute's requirements are met." U*nited States v. Diaz,* 838 F.3d 968, 971 (9th Cir. 2016). "State courts cannot be given the authority to change a defendant's federal sentence by issuing a ruling that alters history and the underlying facts." *United States v. Yepez*, 704 F.3d 1087, 1090 (9th Cir. 2012). Accordingly, Petitioner's motion to vacate, set aside or correct his sentence pursuant to §2255 is DENIED.

*3. Certificate of Appealability*

Pursuant to Rule 11 of the Rules following 28 U.S.C. § 2254, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in § 2255 cases such as this. A habeas petitioner may not appeal the denial of a § 2255 habeas petition unless he obtains a certificate of appealability from a district or circuit judge. 28 U.S.C. § 2253(c)(1)(B); see also *United States v. Asrar*, 116 F.3d 1268, 1269-70 (9th Cir. 1997) (holding that district courts retain authority to issue certificates of appealability under AEDPA). A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this threshold showing, a petitioner must show that: (1) the issues are debatable among jurists of reason, (2) that a court could resolve the issues in a different manner, or (3) that the questions are adequate to deserve encouragement to proceed further. *Lambright v. Stewart*, 220 F.3d 1022, 1025-26 (9th Cir. 2000) (citing *Slack v. McDaniel*, 529 U.S. 473 (2000); *Barefoot v. Estelle*, 463 U.S. 880 (1983)).

Based on this Court's review of the record, the issues presented are not debatable among jurists of reason and no issues could be resolved in a different manner. This Court further finds that no questions are adequate for further proceedings. Therefore, Petitioner is not entitled to a certificate of appealability.

**CONCLUSION AND ORDER**

Based on the foregoing, **IT IS HEREBY ORDERED**:

1. Petitioner's motion to terminate supervised release is **DENIED**.

2. Petitioner's motion to vacate, set aside or correct his sentence is **DENIED**; and

3. Petitioner is **DENIED** a certificate of appealability.

DATED: March 29, 2019

_____
HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE